Nina Marino (CA SBN 142815)
marino@kaplanmarino.com
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046
*Attorney for Defendant*
*Dennis Kuniyuki Mitsunaga*

Birney B. Bervar (HI SBN 005482)
bbb@bevar-jones.com
Bervar & Jones
1100 Alakea Street, 20th Floor
Honolulu, HI 96813
*Attorney for Defendant*
*Keith Mitsuyoshi Kaneshiro*

Doris Lum (HI SBN 008365)
doris@dorislumlaw.com
Law Office of Doris Lum, LLC
1001 Bishop Street, Suite 710
Honolulu, HI 96813
*Attorney for Defendant*
*Terri Ann Otani*

Andrew M. Kennedy (HI SBN 009734)
Andrew@kona-lawyer.com
Schlueter Kwiat & Kennedy LLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740
*Attorney for Defendant*
*Aaron Shunichi Fujii*

Thomas M. Otake (HI SBN 007622)
thomas@otakelaw.com
Thomas M. Otake AAL, ALC
851 Fort Street Mall, Suite 400
Honolulu, HI 96813
*Attorney for Defendant*
*Chad Michael McDonald*

> FILED IN THE
> UNITED STATES DISTRICT COURT
> DISTRICT OF HAWAII
> Feb 12, 2024, 11:53 am
> Lucy H. Carrillo, Clerk of Court

UNSEALED BY ORDER OF THE COURT
DATE: 2/17/2026, ECF No. 5,
MC 26-00010 SASP-KJM

# SEALED

## BY ORDER OF THE COURT
## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br>            Defendants. | Case No. CR-22-00048-TMB-NC<br><br>**DEFENDANTS' UNDER SEAL JOINDER TO DEFENDANT SHERI J. TANAKA'S UNDER SEAL MOTION TO SEVER TRIAL FROM CO-DEFENDANTS; EXHIBIT;**<br><br>Judge: Hon. Timothy M. Burgess<br>Trial Date: March 12, 2024 |

## <u>DEFENDANTS' JOINDER</u>

Defendants Keith M. Kaneshiro, Dennis K. Mitsunaga, Terri A. Otani, Aaron S. Fujii, and Chad M. McDonald (the "other five Defendants") join in Defendant Sheri J. Tanaka's Motion to Sever Trial from Co-Defendants, filed under seal on February 5, 2024 ("Tanaka's Motion") (ECF No. 398) for the reasons articulated below.

## I.    INTRODUCTION

As this Court was made aware in the government's Notice Regarding Defendant Sheri Jean Tanaka, filed under seal on January 25, 2024, (the "Notice"), and Tanaka's Motion, the government is currently investigating whether Tanaka "engaged in acts threatening the safety of the former judge in this case and a special attorney prosecuting the matter" (the "Alleged Tanaka Conduct"). ECF No. 356 at 2. Tanaka's Motion reveals that, on January 23, 2024, the government executed a search warrant at Ms. Tanaka's residence. ECF No. 398 at 2. As part of that search warrant, the government seized Ms. Tanaka's electronic devices containing her data and other critical materials. *Id.* at 2, 5.

While the current prosecution team does not currently have access to evidence relating to the Alleged Tanaka Conduct, they may gain access in the future. The government has represented in court and in conversations with counsel that it will not commit to *not introducing* the Alleged Tanaka Conduct "in the

Kaneshiro Case." *Id.* at 7.  This uncertainty, in addition to the likelihood of

substantial negative press surrounding the Alleged Tanaka Conduct, raises grave

concerns for the other five Defendants and their counsel that they will be

prejudiced.

## II.    ARGUMENT

### A. A joint trial is not viable absent government assurances.

Under Fed. R. Crim. Pro. 14(a), "[i]f the joinder of offenses or defendants…

for trial appears to prejudice a defendant or the government, the court may order

separate trials of counts, sever the defendants' trials, or provide any other relief that

justice requires." Severance is appropriate "if there is a serious risk that a joint trial

would compromise a specific trial right of one of the defendants, or prevent the

jury from making a reliable judgement about guilt or innocence." *Zafiro v. United

States*, 506 U.S. 534, 539 (1993). "Evidence admissible against a co-defendant that

would not be admissible against the defendant if he were tried alone may create a

serious risk of prejudice sufficient to require severance." *United States v. Lujan*,

529 F.Supp.2d 1315, 1325 (D. N.M. 2007) (citing *Zafiro*, 506 U.S. at 539). "For

example, evidence of a codefendant's wrongdoing in some circumstances

erroneously could lead a jury to conclude that a defendant was guilty." *Zafiro*, 506

U.S. at 539.

Evidence of the Alleged Tanaka Conduct may be admissible against her at trial, however, there is no question that it is inadmissible against the other five Defendants. None of the other five Defendants' homes were searched by the FBI, nor were they the subject of the government's filed Notice. If the government seeks to introduce evidence of the Alleged Tanaka Conduct in a joint trial, this would be extremely prejudicial to the other five Defendants, especially due to the extraordinary nature of the allegations. In such an instance, severance is warranted. *See U.S. v. Lujan*, 529 F.Supp.2d 1315, 1326 (D. N.M. 2007) (noting that the government's intention to introduce evidence of one defendant's double murder, which would be inadmissible against codefendants at a separate trial, weighed in favor of severance); *see also United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) (severe prejudice "occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial."); *United States v. Koskela*, 86 F.3d 122, 126 (8th Cir. 1996) (severe prejudice where jury is incapable of compartmentalizing evidence); *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) ("Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately."); *United States v. Sampol*, 636 F.2d 621, 642-51 (D.C. Cir. 1980) (severance proper in case where testimony included codefendants' assassination charge).

4

Given the extraordinary nature of the Alleged Tanaka Conduct, limiting instructions are insufficient to correct spillover prejudice. "The Government should not have the windfall of having the jury be influenced by evidence against a defendant which, as a matter of law, they should not consider but which they cannot put out of their minds." *Jackson v. Denno*, 378 U.S. 368, 388 n. 15 (1964) (*citing Delli Paoli v. United States*, 352 U.S. 232, 242 (J. Frankfurter, dissenting)). Further, "[t]he naïve assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction." *Id.* As a result, the best way to avoid unfair prejudice to the other five Defendants from the Alleged Tanaka Conduct is severance.

While courts are reluctant to overuse severance, sometimes the issues created by joinder are too serious to ignore. In *United States v. Galindo*, 243 F.R.D. 660, 661 (D. Haw. 2007), the court granted a severance of 11 counts into two trials because three of the 11 counts related to allegations that the defendant tortured a witness to intimidate him into not testifying. The court found that these three counts were most inflammatory because of the potentially brutal nature of the torture allegations, which would prejudice the defendant mandating that they be split from the other counts. *Id.* at 662. The court determined that the need for fundamental fairness outweighed the need for judicial economy, making it reasonable to hold two trials. *Id.* Specifically, the court found that the "emotional nature of testimony on these counts has the potential to

prejudice the jury against Defendant on the unrelated counts dealing with drugs and firearms." *Id.* Similarly here, because the government refuses to provide assurances regarding their intention to introduce this evidence, severance of Ms. Tanaka's trial from the other five Defendants' trial is the most appropriate remedy.

### B. A joint trial is not viable even with government assurance because of publicity concerns regarding the Tanaka Conduct.

Even if the government assures the other five Defendants that it will not seek to introduce the Alleged Tanaka Conduct into the current trial, serious publicity concerns remain and warrant severance. News of the Alleged Tanaka Conduct reaching the media is a question of *when* not a question of *if*. As noted in Tanaka's Motion, "this case has received an extraordinary amount of press coverage, both pre- and post- indictment." ECF No. 398 at 9. Counsel for the other five defendants were contacted by the press seeking comment when Judge Seabright recused. The press is hungry for the story, and it is only a matter of time before it gets leaked, especially given the fact the investigation into the Alleged Tanaka Conduct is extremely active.[1]

---

[1] On February 5, 2024, the FBI performed a safety check at the home of Lois Mitsunaga, daughter of Defendant Dennis Mitsunaga, "to confirm you haven't received any threatening or intimidating messages." Exhibit A. Despite inquiry, no further information was provided. Any delivery or mail worker would easily see the notice posted on the front door which only serves to underscore the ticking clock of eventual public awareness.

The undersigned defendants agree that "[n]obody wants a mistrial – not Ms.
Tanaka, her co-defendants, the government, nor the Court." ECF No. 398 at 8.
Unfortunately, trials do not occur in a vacuum, and negative publicity surrounding
Ms. Tanaka may reach the eyes and ears of even the most careful jurors. This
creates a strong likelihood that highly prejudicial information about Ms. Tanaka
may, by association, be imputed upon the other five Defendants in this matter. *See
Zafiro*, 506 U.S. at 539 ("For example, evidence of a codefendant's wrongdoing in
some circumstances erroneously could lead a jury to conclude a defendant was
guilty.") Severing Ms. Tanaka's trial from the other five Defendants' trial
minimizes such risks and is, therefore, the most prudent course of action to prevent
against a mistrial.

### C. Participation of affected special attorney supports severance.

The government provided notice that there is also an investigation into
whether Tanaka engaged in acts threatening a special attorney prosecuting this
matter. ECF No. 356 at 2. While the "United States Supreme Court has not decided
whether there is a general due process right to a conflict-free prosecutor," such
question merits consideration by this Court. *Johnson v. Horel*, 2010 WL 4722634,
*23 (N. D. Cal. 2010). The Supreme Court has found, however, that "[a] scheme
injecting a personal interest . . . into the enforcement process may bring irrelevant
or impermissible factors into the prosecutorial decision and in some contexts raise

serious constitutional questions." *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980);

*see also* 28 U.S.C. § 528 (disqualifying federal prosecutors from participating in

litigation in which they have a personal interest.). Such concerns would be

rendered moot by severance of Tanaka's trial from the other five Defendants' trial.

Therefore, severance is appropriate for this reason as well.

### D. Severance is required to comply with the other five Defendants' Speedy Trial rights.

While a grant of continuance may be appropriate relief for Ms. Tanaka, it is

both inappropriate and prejudicial to the other five Defendants and is strongly

objected to under "[t]he Speedy Trial Act, 18 U.S.C. § 3161, [which] implements

the Sixth Amendment's guarantee of a speedy and public trial to criminal

defendants. *United States v. Orozco-Barron*, 72 F.4th 945 (9th Cir. 2023) (citing

*Furlow v. United States*, 644 F.2d 764, 769 (9th Cir. 1981). "The Supreme Court

has identified the following factors a court should consider in determining whether

a defendant has been deprived of his right to a speedy trial: (1) the length of the

delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial

right; and (4) the prejudice to the defendant resulting from the delay." *United*

*States v. Rakestraw*, 2021 WL 3668316, *7 (D. Ariz. 2021) (citing *Barker v. Wingo*,

407 U.S. 514, 530 (1972)). "Except for the right of a fair trial before an impartial

jury no mandate of our jurisprudence is more important [than the Speedy Trial

Act]." *Furlow v. United States*, 644 F.2d 764, 769 (9th Cir. 1981). Defendants

hereby assert their speedy trial rights and do not agree to exclude any further time, necessitating severance.

"Both the length of the delay and the reasons for the delay are 'dependent upon the peculiar circumstances of the case.'" *Id.* (*quoting Barker*, 407 U.S. at 530-31). Currently, "the only known information is that the government may not return the seized materials until late March 2024." ECF No. 397 at 4. Tanaka's counsel has asked this Court for "a continuance to a date at least 45 days after the government returns to her all of the seized materials." *Id.* at 17. In short, if a continuance of the entire trial is granted, the remaining five Defendants will be forced to wait an unknown period of time to account for complications from conduct that is neither attributable to them nor relevant to the charges against them. This amounts to prejudice. In *United States v. Hall*, 181 F.3d 1057 (9th Cir. 1999), the court noted that carrying along a codefendant may sometimes be necessary to ensure a joint trial, but that the reasons for delaying trial must be necessary and reasonable. *See United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999); *see also United States v. Dennis*, 737 F.2d 617, 621 (7th Cir. 1984) (stating that "whether delay [is] reasonable will depend on the facts of each case"). Here, the other five Defendants are being carried along for the purpose of addressing an entirely separate criminal investigation into Tanaka. It is unknown how long this investigation will continue nor what might be learned from this investigation.

9

Therefore, it's unreasonable to delay the other five Defendants' trial to a vague and uncertain date in the future that is likely to require further continuances as more information is learned.

### E. The burdens of a continuance to the five other Defendants and the Court outweigh any potential benefit to one.

The five other non-Tanaka Defendants have been living under the shadow of this case for years and have spent countless hours mounting a defense in preparation for trial in less than a month. *See Doggett v. United States*, 505 U.S. 647, 654 (1992) (noting that "anxiety and concern of the accused" can be considered in determining prejudice when a Speedy Trial Act violation is alleged.). Potential jurors have been brought before this Court and completed questionnaires. Witnesses have been subpoenaed. Attorneys for both the government and the defense have aligned their schedules – no small feat in a six-defendant criminal trial. The Court and the parties have put in great effort to ensure this case is ready for trial.

To continue this trial in its entirety – which involves six defendants, a proposed sixty witnesses, and is anticipated to last 2 months (*See* ECF No. 324 at 2) – creates far more problems than it solves: Court resources would have to be shifted and reallocated; a new juror pool would have to be acquired to address the change in schedule; attorneys and the Court would have to find a new date for trial, likely pushing the matter an entire year at least; extensive time, money, and

resources would be spent by all parties; and, finally, the other five Defendants

would be forced to put their lives on hold even longer as they await judgment. *See*

*Doggett*, 505 U.S. at 654.

### III.    CONCLUSION

For the foregoing reasons, defendants Kaneshiro, Mitsunaga, Otani, Fujii,

and McDonald join in Tanaka's Motion to Sever Trial from Co-Defendants.

DATED:  February 8, 2024                    Respectfully submitted,

                                            KAPLAN MARINO, PC

                                            By: *  /s/ Nina Marino  *
                                                NINA MARINO
                                                Attorney for Defendant
                                                Dennis Kuniyuki Mitsunaga

BERVAR & JONES                              SCHLUETER KWIAT & KENNEDY LLP

By: */s/ Birney B. Bervar*                  By: *  /s/ Andrew M. Kennedy  *
    BIRNEY B. BERVAR                            ANDREW M. KENNEDY
    Attorney for Defendant                      Attorney for Defendant
    Keith Mitsuyoshi Kaneshiro                  Aaron Shunichi Fujii

LAW OFFICE OF DORIS LUM, LLC                THOMAS M. OTAKE AAL, ALC

By: *  /s/ Doris Lum  *                     By: */s/ Thomas M. Otake*
    DORIS LUM                                   THOMAS M. OTAKE
    Attorney for Defendant                      Attorney for Defendant
    Terri Ann Otani                             Chad Michael McDonald

# Exhibit A

February 5, 2024

Lois,

We stopped by today to do a Safety check. We received some information and wanted to confirm you haven't received any threatening or intimidating messages. Please call us to let us know either way.

Thank you,
FBI SA Kristen Hood
&
FBI SA Ben Sexton



**U.S. DEPARTMENT OF JUSTICE**
FEDERAL BUREAU OF INVESTIGATION

**Benjamin Sexton**
Special Agent
Honolulu Division

91-1300 Enterprise Avenue
Kapolei, HI 96707                    Telephone: 808-566-4300